Fred OSTRANDER, Plaintiff in Error, v. UNITED STATES, Defendant in Error.

(Circuit Court of Appeals, Second Circuit. January 21, 1927.)

No. 215.

In Error to the District Court of the United States for the Northern District of New York.

Irving K. Baxter, of Utica, N. Y., for plaintiff in error.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y., for the United States.

Before MANTON and LEARNED HAND, Circuit Judges, and AUGUSTUS N. HAND, District Judge.

PER CURIAM. Judgment of conviction affirmed.

2

Louis PONDE, Plaintiff in Error, v. UNITED STATES, Defendant in Error.

(Circuit Court of Appeals, Second Circuit. January 21, 1927.)

No. 232

In Error to the District Court of the United States for the Southern District of New York.

Joseph H. Wackerman, of Brooklyn, N. Y. (Isidore Oshlag, of Brooklyn, N. Y., of counsel), for plaintiff in error.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON and LEARNED HAND, Circuit Judges, and AUGUSTUS N. HAND, District Judge.

PER CURIAM. Judgment of conviction affirmed.

3

PULLMAN COMPANY, a Corporation, Plaintiff in Error, v. Zelda E. WALKER, Defendant in Error.

PULLMAN COMPANY, a Corporation, Plaintiff in Error, v. Lattie E. WALKER, a Minor under the Age of Five Years, Who Sues by Her Next Friend, Zelda E. Walker, Defendant in Error.

(Circuit Court of Appeals, Fourth Circuit. January 15, 1927.)

Nos. 2547, 2548.

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

Leigh D. Williams and William Leigh Williams, both of Norfolk, Va. (George A. Kelly, of Chicago, Ill., on the brief), for plaintiff in error.

Lester S. Parsons and Walter Sibert, both of Norfolk, Va., and George C. Cabell, of Portsmouth, Va., for defendants in error.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

PER CURIAM. These were two actions instituted in behalf of Zelda E. Walker and her infant child, Lattie E. Walker, to recover damages from the Pullman Company for failure to provide a berth which it had sold to Zelda Walker. Plaintiffs alleged that, as a result of the failure to provide the berth, the plaintiff Zelda E. Walker and her infant children were compelled to sit up in a car which was allowed to become very cold, with the result that they contracted colds, which resulted in serious illness. The evidence was conflicting, both as to the fault of the defendant and as to the extent of the damage sustained by plaintiffs; but three juries have passed upon the questions of fact involved, and have answered them in favor of plaintiffs.

The case of Zelda E. Walker was tried twice. At the first trial, the jury returned a verdict in her favor for the sum of $10,000, which was set aside as being contrary to the weight of the evidence. Upon the second trial, the jury fixed her damages at $3,500; but the trial judge, as a condition of not setting aside this verdict, reduced it to $1,500, and rendered judgment for that amount. The Lattie E. Walker case was subsequently tried, and a verdict was rendered for $2,500, which the judge reduced to $1,000.

We do not think that defendant was entitled to a directed verdict in either case, and we do not believe that under the circumstances any possible error as to rulings upon the measure of damages did the defendant any substantial injury.

Affirmed.